UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS GUERRERO, :
:
        Petitioner : CIVIL NO. 1:CV-16-1121
vs. :
: (Judge Caldwell)
FEDERAL BUREAU OF PRISONS, :
:
        Respondent :

*M E M O R A N D U M*

I. *Introduction*

Carlos Guerrero filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging eight separate disciplinary actions he received over an eight-year period of time. (ECF No. 1, Pet.). He claims he lost good conduct time as a result of these disciplinary matters. (*Id.*) At the time he filed his petition for writ of habeas corpus, Guerrero was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

We will dismiss the petition as moot because Guerrero was released from custody on April 21, 2018, via good conduct time release, and thus any relief by way of habeas is no longer available.

II. *Discussion*

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights

is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). The crucial issue is whether the petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983. Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast, challenges to the execution of a sentence that has already been served will not be presumed. *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986.

Respondent has filed a suggestion of mootness, citing Guerrero's April 21, 2017 release from prison. (ECF No. 11, Suggestion of Mootness). Once Guerrero served his entire term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violations of

parole or mandatory release." 28 C.F.R. § 2.35(b)(2012); *see also* 28 C.F.R. § 523.2(c). Under these circumstances, Guerrero cannot demonstrate any continuing collateral consequences or injury because his release eliminates the court's ability to grant him any relief. As no live controversy remains, Guerrero's Petition for Writ of Habeas Corpus will be dismissed as moot. *See Scott v. Schuylkill FCI*, 298 F. App'x 202 (3d Cir. 2008)(nonprecedential).

        We will issue an appropriate order.

                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: May 3, 2017